CLIFTON W. CLIFTON, RESPONDENT, v. EDWARD F. BROWN, AS EXECUTOR, AND OLIVIA H. LAWRENCE, AS EXECUTRIX, ETC., OF WILLIAM E. LAWRENCE, DECEASED, APPELLANTS.

*Right to serve an amended pleading — not waived by noticing the issue joined for trial.*

A plaintiff, by noticing for trial an issue of law raised by the service of a demurrer to the complaint, does not waive his right to serve an amended complaint within the time allowed by law.
*Philips* v. *Suydam* (6 Abb. [N. S.], 289) overruled).

APPEAL from an order made at a Special Term, denying a motion to strike out an amended complaint.

*Joseph D. Fay*, for the appellants.

*H. S. Gulliver*, for the respondent.

BRADY, P. J.:

It appears that on the 11th of January, 1882, a demurrer to the complaint was served upon the plaintiff's attorney. On the following day he served a notice of trial of the issue of law for the first Monday in February. The defendant's attorney served a similar notice. On the twenty-sixth of January the plaintiff's attorney

served an amended complaint, which was returned on the next day, upon the ground that the right to serve the same had been waived by the service of notice of trial. The defendant thereupon moved to strike out the complaint. His motion was denied, and hence this appeal.

By section 542 of the Code of Civil Procedure it is provided that within twenty days after the pleading, or the answer or demurrer thereto is served, or at any time before the period for answering it expires, the pleading may be once amended by the party, of course, without costs, and without prejudice to the proceedings already had. But if it be made to appear to the court that the pleading was amended for the purpose of delay, and that the adverse party will thereby lose the benefit of a term for which the case is or may be noticed, the amended pleading may be stricken out, or the pleading may be restored to its original form and such terms imposed as the court deems just. This section is similar to section 172 of the former Code.

In the case of *Philips v. Suydam* (6 Abb. [N. S], 289) it was declared by a divided court, that the act of a party in noticing a cause for trial is a waiver of his right to amend his pleading without leave. It appeared in that case that both parties noticed the cause for trial, and before the expiration of twenty days from the service of the original answer the defendant's attorney served an amended answer alleging usury, which the plaintiff's attorney declined to receive, on the ground that the defendant by noticing his cause for trial had waived the right to amend, and under such circumstances the plaintiff would not accept an unconscionable answer. The defendant's attorney subsequently moved for an order requiring the plaintiff to receive it. Mr. Justice INGRAHAM, in denying the motion, said that noticing the cause for trial prevented an amendment of the pleadings of the party giving the notice; that the answer showed no defense except that of usury, and that, under the circumstances of the case, the defendant should not be allowed to make that defense.

Judge CARDOZO, in deciding the appeal taken from the order of Judge INGRAHAM, amongst other things, said that where a party noticed a cause upon the pleadings as they stood, he thought he must be considered as waiving the right to amend his pleading as

of course, and must be regarded as having elected to stand by the issue as then framed. Justice CLERKE, dissenting, declared, however, that the defendants had a clear right under section 172 of the Code to serve an amended answer, unless the service of a notice of trial by them was a waiver of that right, and that service of such notice did not prejudice them in any way; that the right to serve the amended answer, unless the plaintiff was damnified by it, as, for instance, by throwing the case over the circuit, as contemplated by section 172 of the then existing Code, could not be interfered with; that nothing of that kind appeared in the case, and, therefore, the defendants had lost nothing by the fact of noticing the cause for trial.

In *Washburn* v. *Herrick* (4 How. Pr., 15), to which reference is made in the case of *Cusson* v. *Whalon* (5 How., 302), it is said if the plaintiff notices a cause for trial before the defendant's time to amend expires, he does so at his peril; and, as said in the case of *Cusson* v. *Whalon,* Mr. Justice GRIDLEY set aside the judgment where the defendant demurred to the complaint, noticed it for argument, and took judgment by default within twenty days after service of the demurrer, and before service of the amended complaint, which was allowed to be put in within that period, although he admitted that both sides had the right to notice the cause.

This case, although relied upon by the appellant herein, is substantially a recognition of the proposition that noticing the cause for argument, prior to the expiration of the time allowed to amend, is to be regarded as an act done at the peril of the party serving the notice.

In the case of *Ostrander* v. *Conkey* (20 Hun, 421), it was declared where, after issue had been joined in an action, and the same had been regularly noticed for trial at circuit by the defendant, the plaintiff, in good faith, and within the time allowed by law, served an amended complaint, that the issue theretofore joined and noticed for trial was destroyed; but that where the amended pleading was served in bad faith, the remedy of the party aggrieved was by motion to strike it out. And it must be noted that in this case there is no charge of bad faith, and no charge that the amended complaint was interposed for the purpose of delay. This case just cited was a General Term adjudication, and the doctrine laid down

in *Washburn* v. *Herrick* was recognized and approved, viz., that where the party notices his cause for trial within the time allowed to his adversary to amend he does so at his peril.

Section 542 of the Code of Civil Procedure, to which reference has been made, contemplates the rulings which have been made by these cases, viz., that the party may amend within the time allowed by law, and that his plea must stand unless it be made to appear that it was amended for the purpose of delay, and that the adverse party would lose the benefit of a term for which the cause was or may be noticed. It must be said, therefore, that the case of *Philips* v. *Suydam* cannot be sustained as an authority; and it is to be presumed that the amendment made therein was not sustained for the reason that it presented what was regarded as an unconscionable defense.

It seems to be very clear that the right to amend existed under section 542 of the Code of Civil Procedure, and that the service of notice of argument was not a waiver of that right.

That section provides for a case in which notice of trial has been served, and the only penalty imposed is that the amended pleading shall be stricken out, if interposed for the purpose of delay.

For these reasons the order should be affirmed, with ten dollars costs and disbursements.

Present — BRADY, P. J., DANIELS and BARKER, JJ.

Order affirmed, with ten dollars costs and disbursements.